## FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

**RECEIVED**

Joshua Moses

COMPLAINT **JAN 3 0 2020**

(Enter above the full name of the plaintiff in this action)

AT 8:30_____M
WILLIAM T. WALSH
CLERK

**V.**

Civil Action No. ___CLERK___

Dr. Ravi Sood, Dr. Louis G. Fares,

(To be supplied by the Clerk of the Court)

Dr. B. Chowdhury, Jeffery Wilk, Dr. Kimberly Kodger, **RECEIVED**

W. Lebron-Ocasio, Nicoletta Turner-Foster, David Ortiz, **JAN 3 0 2020**

(Enter the full name of the defendant of defendants in this action)

AT 8:30_____M
WILLIAM T. WALSH
CLERK

Charles Smith, and United States of America, Defendant

### INSTRUCTIONS; READ CAREFULLY

1.    This complaint must be legibly handwritten or typewritten, signed by the plaintiff and  subscribed to under penalty of perjury as being true and correct.  All questions must be answered concisely in the proper space on the form.  Where more space is needed to answer any question, attach a separate sheet.

2.    In accordance with Rule 8 of the Federal Rules of Civil Procedure, the complaint should contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short plain statement of the claim showing that you are entitled to relief, and (3) a demand for judgment for the relief which you seek.

3.    You must provide the full name of each defendant or defendants and where they can be found.

4.    You must send the original and one copy of the complaint to the Clerk of the District Court.  You must also send one additional copy of the complaint for each defendant to the Clerk. Do not send the complaint directly to the defendants.

5.    Upon receipt of a fee of $400.00 (a filing fee of $350.00, and an administrative fee of   $50.00), your complaint will be filed.  You will be responsible for service of a separate summons and copy of the complaint on each defendant.  See Rule 4, Federal Rule of Civil Procedure.

6.   If you cannot prepay the $400.00 fee, you may request permission to proceed in forma pauperis in accordance with the procedures set forth in the application to proceed in forma pauperis.  See 28 U.S.C. §1915.  (If there is more than one plaintiff, each plaintiff must separately request permission to proceed in forma pauperis.)

7.   If you are given permission to proceed in forma pauperis, the $50.00 Administrative Fee will not be assessed.  The Clerk will prepare and issue a copy of the summons for each defendant.  The copies of summonses and the copies of the complaint  which you have submitted will be forwarded  by the Clerk to the United States Marshal, who is responsible for service.  The Marshal has USM-285 forms you must complete so that the Marshal can locate and serve each defendant.  If the forms are sent to you, you must complete them in full and return the forms to the Marshal.

## QUESTIONS TO BE ANSWERED

1a.   Jurisdiction is asserted pursuant to (CHECK ONE)

    _____   42 U.S.C. §1983 (applies to state prisoners)

    __X__   Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 (applies to federal prisoners)

If you want to assert jurisdiction under different or additional statutes, list these below:   28 U.S.C. § 2675,

28 U.S.C. § 1343(3), §1346(b), and 28 U.S.C. § 1391

1b.   Indicate whether you are a prisoner or other confined person as follows:

    ___ Pretrial detainee

    ___ Civilly-committed detainee

    ___ Immigration detainee

    ___ Convicted and sentenced state prisoner

    _X_ Convicted and sentenced federal prisoner

    ___ Other: (please explain)_____

2.      Previously Dismissed Federal Civil Actions or Appeals

If you are proceeding in forma pauperis, list each civil action or appeal you have brought in a federal court while you were incarcerated or detained in any facility, that was dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted. Please note that a prisoner who has on three or more prior occasions, while detained in any facility, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted, will be denied in forma pauperis status unless that prisoner is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

a.      Parties to previous lawsuit:

Plaintiff(s): _____N/A_____

_____

Defendant(s):___N/A_____

_____

b.      Court and docket number:_____N/A_____

c.      Grounds for dismissal:  ( )     frivolous     ( ) malicious

( )     failure to state a claim upon which relief may be granted

d.      Approximate date of filing lawsuit:_____N/A_____

e.      Approximate date of disposition:_____N/A_____

If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on separate sheets.

3.      Place of Present Confinement?_FCI Fort Dix, New Jersey_____

4.      Parties

(In item (a) below, place your name in the first blank and place your present address in the second blank. Do the same for additional Plaintiffs, if any.)

a.      Name of plaintiff:_____Joshua Moses_____

Address: P.O Box 2000, Joint Base, MDL 08640

Inmate#: 55716-066

b.   First defendant:

Name: Ravi Sood

Official position: Doctor

Place of employment: FCI-Fort Dix

How is this person involved in the case?

(i.e., what are you alleging that this person did or did not do that violated your constitutional rights?)

Dr. Sood failed to provide plaintiff with adequate medical care and attention, in violation of the Eighth Amendment to the U.S. Constitution.

c.   Second defendant:

Name: Nicoletta Turner-Foster

Official position: Clinical Director

Place of employment: FCI-Fort Dix

How is this person involved in the case?

(i.e., what are you alleging that this person did or did not do that violated your constitutional rights?)

Dr. Turner-Foster failed to provide medical care and attention in a manner that was unreasonable, inadequate and negligent, in violation of the Eighth Amendment to the United States Constitution

d.   If there are more than two defendants, attach a separate sheet. For each defendant specify: (1) name, (2) official position, (3) place of employment, and (4) involvement of the defendant.

e.

**Name:** Jeffrey Wilk

**Official Position:** Assistant Health Service Administrator

**Place of Employment:** FCI-Fort Dix

AHSA Jeffrey Wilk failed to provide medical care and attention in a manner that was unreasonable, inadequate and/or negligent, in violation of the Eighth Amendment to the United States Constitution.

f.

**Name:** William Lebron-Ocasio

**Official Position:** Medical Records Technician/HIT

**Place of Employment:** FCI-Fort Dix

MRT Lebron-Ocasio failed to keep accurate medical records, and timely requests for records in violation of the Privacy Act, and interfered with medical determinations as well as interfered with access to the Courts, and Administrative Process in violation of the First Amendment to the United States Constitution.

g.

**Name:** Dr. Louis G. Fares

**Official Position:** Medical Doctor/Surgeon

**Place of Employment:** Robert Woods Johnson Hospital

Dr. Fares failed to provide for plaintiff's needs and committed medical malpractice on several occasions by failing to document bowel obstructions, and follow-up with treatment on 2/15/18 and 4/11/18 after two emergency room visits, despite being fully aware of the x-rays and CT-Scans of plaintiff's condition, a clear violation of professional duty to plaintiff.

h.

**Name:** Dr. Banwarlal Chowdhury

**Official Position:** Gastroenterologist

**Place of Employment:** St. Francis Medical Center

Dr. Chowdhury has failed to take reasonable steps on several occasions and Clinical Encounters to address plaintiff's short-gut syndrome, adhesions, diet, and nutrition, to adequately care for plaintiff given his deteriorating condition and pain. Dr.

Chowdhury ignored the worsening condition leaving petitioner extremely ill and in extreme pain.

i.

**Name:** Banwarlal Chowdhury

**Official Position:** Gastroenterologist

**Place of Employment:** St. Francis Medical Center

Dr. Chowdhury failed to provide medical care and attention in a manner that was unreasonable, inadequate, and negligent in violation of the Eighth Amendment to the United States Constitution.

j.

**Name:** Louis G. Fares

**Official Position:** Surgeon

**Place of Employment:** Robert Woods Johnson Hospital

Dr. Fares failed to provide medical care and attention in a manner that was unresonable, inadequate, and negligent in violation of the Eighth Amendment to the United States Constitution.

2 of 2

5.   I previously have sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in the Statement of Claims on page 6.

__X__ Yes      ____No

If your answer is "Yes," briefly describe the steps taken, including how relief was sought, from whom you sought relief, and the results.

I exhausted the Administrative Remedies through the

Federal Bureau of Prisons Administrative Process, and

presented it to the appropriate agency of defendant, the

U.S.A. See Admin. Remedy No. 929968, see also Admin.

Claim No.: TRT-NER-2019-03368

If your answer is "No," briefly explain why administrative remedies were not exhausted.

6.   Statement of Claims

(State here as briefly as possible the facts of your case. Describe how each defendant violated your rights, giving dates and places. If you do not specify how each defendant violated your rights and the date(s) and place of the violations, your complaint may be dismissed. Include also the names of other persons who are involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach a separate sheet if necessary.)

1.) On August 09, 2009, Joshua Moses (plaintiff) was

shot multiple times, suffering catastrophic injuries to

his lung, chest, liver, kidneys, stomach, buttocks and

knee. Plaintiff was taken to Temple University Hospital

in critical condition. Over the course of the next year,

plaintiff underwent several surgeries to repair the

injuries he sustained. Those procedures included a

tracheotomy wherein plaintiff was fed intravenously for more than a year while he underwent small bowel resection twice. While hospitalized, plaintiff developed (3) three enterocutaneous fistulas (hoes between the intestinal tract and skin). Trauma surgeons also performed a transverse colon resection, and abdominal wall reconstruction with lateral rectus release and bioprostetic mesh replacement with skin graphs from both thighs over plaintiff's stomach. During the course of the surgeries trauma doctors removed plaintiff's appendix and most of plaintiff's small intestines, leaving plaintiff with 105cm of the approximately 300cm of a normal intestine (about 15 percent).

2.) Because of these surgeries, plaintiff suffers from complicated medical conditions (including short-gut syndrome) that requires proper treatment and medication to prevent infection, diarrhea, weight loss, dehydration, and to prevent the development of fistulas and bowel obstructions.

3.) Plaintiff, currently confined at the Federal Correctional Institution in Fort Dix, New Jersey, has been in federal custody since May 13, 2014

4.) Plaintiff was convicted by a jury on October 10, 2014 and sentenced on May 12, 2015. Plaintiff was transferred from the Federal Detention Center in Philadelphia, PA to the Federal Correctional Institution Cumberland, in Maryland on May 26, 2015.

5.) see attachment (Statement of Claims - Continued)

7. Relief

(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

Award Compensatory Damages from Defendants in their individual capacities in the amount of $1,000,000. Award Compensatory Damages and Punitive Damages against the United States of America in the amount of $1,000,000 and plaintiff demand a jury trial for Non-FTCA Claims

## Statement of Claims - Continued

5.) While at FCI-Cumberland, plaintiff filed a Civil Rights Action on December 18, 2015, in the Maryland District Court, alleging cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. See **Moses v. Moubarak, Civil Action No. 8:15-cv-03875-TDC**. This matter is currently pending and plaintiff is represented by Skadden, Arps, Slate, Meagher, and Flom, LLP.

6.) On 6/21/17, plaintiff was transferred to the Federal Correctional Institution at Fort Dix in New Jersey due to the nature of the lawsuit and on-going claims.

7.) Upon arrival to FCI-Fort Dix in June 2017, plaintiff had an initial 14 day clinical evaluation with Dr. Ravi Sood on 6/26/17, concerning plaintiff's serious condition and recent surgery in Maryland on May 18, 2017.

8.) Shortly thereafter plaintiff reported to sick-call on several occasions concerning gastrointestinal complications, serious pain, diarrhea, vomiting, and not digesting the foods consumed. Medical Staff at FCI-Fort Dix did not document these sick-call visits, treat plaintiff's condition or symptoms, or refer plaintiff to any outside specialists.

9.) On January 10, 2018, plaintiff began the Administrative Remedy Process addressing these issues. Assistant Health Service Administrator Jeffrey Wilk (AHSA-Wilk) responded same day stating that there is no documentation of sick-call requests regarding changes/increases in plaintiff's chronic GI problems. Although AHSA-Wilk responded to plaintiff's complaint same day it was filed, plaintiff was not provided with a copy of the response until January 30, 2018.

10.) On January 30, 2018, plaintiff appealed AHSA-Wilk's response to Warden Ortiz, and sent detailed electronic e-mails to Associate Warden Charles Smith (AW-Smith), informing AW-

Smith that a reasonable fact-finder could find that BOP officials have actual knowledge of the violations complained of through plaintiff's grievances, well-documented condition, pending civil rights complaint and BOP officials acquiesced in the violations by failing to address a practice of wrongful conduct from the circumstances of each matter complained of.

11.) Warden Ortiz responded 2/21/18 to plaintiff's appeal **(No.: 929968)** stating:

Since the initial 14 day chronic care appointment on 6/26/17, there is no documentation indicating plaintiff went to sick-call with any medical complaints, although plaintiff was seen 12/15/17, by the mid-level practitioner (MLP) to refill all the chronic care medication, there is no evidence suggesting plaintiff complained of any symptoms described in this complaint. Plaintiff's request for relief was denied.

12.) However, on 2/12/18, plaintiff's was seen by Dr. Sood for plaintiff's complaints of his serious medical condition within which Dr. Sood ordered an x-ray that was performed at Fort Dix on 2/14/18. The x-ray showed a bowel obstruction.

13.) On 2/15/18, plaintiff was rushed to the Emergency Room at Robert Woods Johnson Hospital and admitted for bowel obstruction. A CT-Scan was performed with contrast, among other tests, and the CT-Scan supported the clinical impression of a bowel obstruction. A nasal gastric tube was inserted it produced blood and undigested stomach contents being removed through it.

14.) Plaintiff was then seen by General Surgeon Dr. Louis G. Fares, who informed plaintiff that a surgery cannot be performed based on the many surgeries plaintiff has had that have failed, leaving plaintiff with very little bowel remaining (about 15 percent). Dr. Fares then stated to plaintiff that upper and lower endoscopies must be performed since the last one was performed in March 2012.

15.) Plaintiff was discharged from the hospital same day as

arriving. Upon being discharged, Dr. Fares informed plaintiff that he was coming to Fort Dix on 2/20/18, and would add plaintiff's name to the surgeon's list so that Dr. Fares could schedule the endoscopies, go over the results of the other tests, review plaintiff's medical records, and contact Temple University Hospital to compare charts, none of which has ever occurred. Dr. Fares left Fort Dix 2/20/18 without seeing plaintiff, no endoscopies were ordered, and Dr. Fares has never spoken to plaintiff's trauma doctors, reviewed plaintiff's medical records or compare past and present charts to see what could be done to help plaintiff.

16.) Plaintiff then e-mails AW-Smith regarding this matter and AW-Smith responded on 2/23/18 and 2/28/18 stating: the Administrative Remedy Procedure was plaintiff's best option at this point.

17.) On 3/1/18, plaintiff appealed Warden Ortiz's 2/21/18 denial of his request for administrative remedy to the Northeast Regional Office, detailing everything that took place with the Emergency Room visit, Dr. Fares recommendations, lack of a follow-up, and plaintiff again requested to see a specialist and copies of his medical records from Fort Dix.

18.) On 2/27/18, plaintiff was finally seen by Dr. Sood for a follow-up from the 2/15/18 Emergency Room visit, and petitioner's deteriorating condition. Dr. Sood then made a referral for plaintiff to be seen by a Gastroenterologist, and informed plaintiff that no one wants to touch plaintiff because of his condition and that there is no treatment for small bowel adhesions or obstructions, and that another surgery would kill plaintiff. Dr. Sood stated to plaintiff that plaintiff "just have to deal with it, no one is going to touch plaintiff."

19.) On April 04, 2018, the Regional Director responded to plaintiff's 3/1/18 appeal by denying the request and stating: the surgeon recommended EGD and Colonoscopy which were pending scheduling and are considered non-emergent.

20.) On April 11, 2018, plaintiff was rushed to the Emergency Room again off-site after another x-ray at Fort Dix same day showed another bowel obstruction. Plaintiff was again discharged from the outside hospital by Dr. Fares the same day. To date, BOP officials have taken no steps to find a permanent solution to plaintiff's condition that continues to deteriorate.

21.) On April 17, 2018, plaintiff appealed the Regional Director's denial to Central Office, detailing same issues discussed above.

22.) On May 17, 2018, Central Office responded stating: the record reflects plaintiff has received medical care and treatment in accordance with evidenced based standards of care within the scope and services of the Federal Bureau of Prisons.

23.) On April 18, 2018, plaintiff had a consultation with Gastroenterologist Dr. Chowdhury refused to perform the Endoscopies that Dr. Sood and Dr. Fares recommended on 2/12/18 and 2/15/18. Dr. Chowdhury stated to plaintiff without an exam, that plaintiff has short-gut syndrome and small bowel adhesions, and that plaintiff should stay away from surgeon's, maybe he'd live longer.

24.) On May 09, 2018, plaintiff had another x-ray on his knees at Fort Dix based on plaintiff's repeated complaints of extreme pain and numbness caused by the metallic ballistic fragment that was left in his right knee that also affected plaintiff's back and feet. Plaintiff had an x-ray performed on May 23, 2016, at FCI-Cumberland on both knees which confirmed a bullet fragment in his right knee.

25.) On 6/22/18 and 6/29/18, plaintiff was again seen by Dr. Sood who referred plaintiff to Orthopedist Surgeon Dr. Thomas K. Bills and again to General Surgeon Dr. Fares.

26.) On 6/26/18, plaintiff had a Clinical Encounter at Fort Dix with Dr. Fares who again stated to plaintiff that he has

Page 10

requested the plaintiff's outside medical records, and was still waiting for them. Plaintiff's outside medical records have been in the possession of the Bureau of Prisons since June 2015 when plaintiff signed a release of information form. Dr. Fares was aware of this and plaintiff's outside medical records were always available to Dr. Fares at any time.

27.) On August 01, 2018, plaintiff had a consultation with Dr. Bills at Fort Dix, and Dr. Bills ordered a 3D CT-Scan on plaintiff's knees. That CT-Scan took place on 11/6/18.

28.) On 11/21/18, plaintiff had a follow-up with Dr. Bills who then requested authorization for surgical excision since the ballistic fragment has caused arthritis and unnecessary pain and suffering. Plaintiff was approved for this procedure on 12/21/18. The procedure was reapproved on 2/27/19.

29.) On 9/4/18, plaintiff had a follow-up with Dr. Sood on his referrals for surgical and Orthopedic Consultations, and to follow-up on AHSA-Wilk's request to update the previous Compassionate Release Summary.

30.) On 9/6/18, Fort Dix performed another x-ray on plaintiff's stomach and kidneys that revealed abnormal results and a bigger obstruction.

31.) Plaintiff was then approved for upper and lower endoscopies which took place on 11/30/18 at St. Francis Medical Center by Dr. Chowdhury who declined to perform these procedures in April 2018, actually performed these procedures.

32.) On 12/6/18, plaintiff was seen by Urologist Dr. Fingerman, who recommended an Ultrasound on plaintiff's kidneys.

33.) On 01/17/19, plaintiff had a follow-up with Dr. Sood on the pending knee surgery as well as the x-ray on plaintiff's kidneys.

34.) On 1/18/19, plaintiff reported to health service at Fort Dix wherein an Ultrasound was performed and plaintiff was told by the Ultrasound technician that plaintiff had scars on his

kidneys, that bowel was wrapped around his kidneys and that could be a significant source of the pain plaintiff has endured.

35.) On 1/25/19, plaintiff was given another x-ray at Fort Dix on plaintiff's lower back and spine that revealed defects in plaintiff's spine. Previous CT-Scans also revealed defects in plaintiff's sacrum, there are 3 metallic fragments lodged in the sacrum.

36.) Also on 1/17/19, Dr. Sood resubmitted plaintiff for Orthopedic Surgery that was previously approved 12/21/18 and reapproved 2/27/19.

37.) On May 03, 2019, plaintiff was finally taken off-site for knee surgery at Robert Woods Johnson Hospital. The Intraoperative Findings included 1.) plaintiff had a grade 111 chondral lesion of the medical femoral condyle with a grade IV lesion of the lateral femoral condyle, 2.) plaintiff had a complex tear of the posterior horn and medical and lateral meniscus, 3.) and plaintiff had a bullet removed from the posteromedial aspect of his right knee. Dr. Kleinbart performed surgery.

38.) Plaintiff was transported back to Fort Dix immediately after surgery with no instructions or follow-up care and evaluation until May 22, 2019. Plaintiff now ambulates with difficulty and was given a cane after filing complaints against medical staff at Fort Dix for inattention to duty and adequate care.

39.) On 6/25/19, plaintiff had another surgical consultation with an outside BOP Contractor Dr. Rajiv Shah, concerning plaintiff's serious condition. Dr. Shah noted plaintiff's previous records showed chronic inflammation of the stomach and that plaintiff's abdominal problems might be due to plaintiff's stomach or scar tissue. Dr. Shah recommended a CAT of plaintiff's abdomen and pelvis with p.o. and IV Contrast to rule out any intra-abdominal pathology. Plaintiff then questioned Dr. Shah concerning Dr. Fares and

his status, and Dr. Shah informed plaintiff that Dr. Fares was no longer available.

40.) On 6/28/19 Fort Dix performed an x-ray and the Impression states:

Postoperative changes of prior bowel resection. Dilated small bowel with air-fluid levels and moderate to large retained stool throughout the colon, non-specific. Findings may represent constipation and ileus verses early|| intermittment or partial bowel obstruction. The 6/28/19 x-ray was compared to the 9/6/18 x-ray and the Radiologist Michael Whiteside considered/recommended further evaluation with CT-Scan.

41.) On 6/28/19, plaintiff also had a consultation with Urologist Michael Cohen who reviewed plaintiff's previous ultrasound in January 2019 and stated that plaintiff's right kidney was 9.8cm and the left kidney was 11.3cm in maximum size. Dr. Cohen strongly recommended a GI-evaluation and surgical evaluation for plaintiff's abdominal pain and discomfort.

42.) Also on 6/28/19, plaintiff was seen by Dr. Sood as a follow-up on plaintiff's 6/19/19 evaluation by Dr. Sood. Dr. Sood informed plaintiff that his hands are tied and that plaintiff should be complaining to the Administrators and not him. Dr. Sood then requested an order for another CT-Scan due to plaintiff's abdomen pain and adhesions. And also due to Dr. Sood's 6/19/19 consultation request for Gastroenterology and abnormal labs.

43.) On 8/15/19, a CT-Scan was performed and its finding detailed:
1.) There is a linear area of increased density identified just under the anterior abdominal wall that could represent postoperative change. This may represent surgical mesh or some post operative calcifications. The finding should be correlated closely clinically.
2.) Large amount of colonic stool.
3.) No additional abdomen or pelvis mass or fluid

collection.

**4.)** Lung bases demonstrated linear basilar atelectasis.

**44.)** On 8/21/19, plaintiff had another consultation with GI specialist Dr. Chowdhury concerning chronic constipation, diarrhea, and short-bowel syndrome. Dr. Chowdhury's plan was to research what could be done for plaintiff, he then ordered Colace, Fiber and Bentyl, none of which was ordered, due to an allergy to Bentyl.

**45.)** On 8/27/19, plaintiff was again seen by the Surgeon Rajiv Shah, however, plaintiff's previous CT-Scan results were unavailable to Dr. Shah. Dr. Shah's impression and plan was that plaintiff most likely has a partial bowel obstruction from adhesions, also due to short-gut syndrome. Dr. Shah again recommended plaintiff for GI evaluation for medical management and the CT-Scan report should be faxed to his office for evaluation and plaintiff needed a small bowel series to evaluate the overall small intestine in the colon after plaintiff's multiple surgeries.

**46.)** On 9/9/19, a new consultation was requested for Gastroenterology and CT-Scan ABD "NPO."

**47.)** On 10/31/19, a CT-Scan of plaintiff's abdomen and pelvis with contrast was performed. It's findings and impressions revealed: Bilateral basilar atelectasis, Contrast present in multiple small bowel loops. Stool scattered throughout the colon. Mild diffuse colonic distention is identified. There is a large amount of rectum and sigmoid colon stool identified. No definite free air or obvious point of bowel obstruction is identified although there is mild diffuse colonic distention and to a lesser extent some small bowel distention.

**48.)** On 10/31/19, shortly after the CT-Scan was performed, plaintiff had another consultation with Dr. Chowdhury concerning short-bowel syndrome, weight loss, and adhesions. Dr. Chowdhury recommended Ensure, multivitamins and low

Page 14

lactose diet.

49.) On 11/16/19, plaintiff had another surgical consultation with Dr. Bills concerning plaintiff's recent surgery and complications with healing due to a lack of instructions and physical therapy that plaintiff did not receive. Dr. Bills then ordered meloxicam 15mg for pain that was not previously ordered when requested in August 2019 by Dr. Bills due to the medication being one which causes the GI to bleed.

50.) On 11/7/19, Central Office approved Ensure for plaintiff, with an expiration date of 1/6/20.

51.) On 11/15/19, plaintiff was again approved to see the General Surgeon and on 11/26/19, plaintiff was approved to see the BOP dietician for therapy.

52.) On December 12, 13, 14, 15, 2019 plaintiff was denied Ensure by EMT G. Martin who refused plaintiff stating that someone did not update the order. Plaintiff informed G. Martin that he received copies of his medical records from Fort Dix, that the Ensure was approved by Central Office with an expiration date of 1/6/20 but was still denied.

53.) On 12/19/19, plaintiff began the administrative remedy process detailing retaliation and reckless disregard as well as an interference with medical treatment and decisions.

54.) The Surgical Consultation and Dietician Consultation has yet to occur.

## Summary and Conclusion

55.) Plaintiff submits that throughout his entire stay in federal custody he has received wholly inadequate medical care for his serious condition, suffered cruel treatment by health services and BOP staff and Contractors. Plaintiff has been retaliated against when he attempted to secure the care that he desperately needs. Dr. Sood, Dr. Bills, Dr. Fares and Dr. Chowdhury committed medical malpractice in failing to provide for plaintiff's needs.
The following facts particularly highlight the deficiencies

Page 15

in plaintiff's care:

56.) Upon arrival to Fort Dix in June 2017, plaintiff notified the physicians of his serious medical condition and recent surgery on May 18, 2017 at Western Maryland Health System. Despite the initial 14 day clinical evaluation, continued sick-call visits and requests for medical attention, and plaintiff's worsening symptoms, encounters that were not documented by health services until plaintiff was rushed to the Emergency Room for bowel obstructions in February and April 2018.

Despite being fully aware of the significant pain in plaintiff's stomach, knee and back, the x-rays, CT-Scans, repeated emergency room visit, requests for care and adequate treatment through administrative remedies, compassionate release requests, and repeated denials from BOP Contractors to perform necessary procedures, or obtain medical records that were necessary, delayed or not acted upon in follow-ups or care plans is a clear violation of professional duty of care to plaintiff.

57.) Throughout plaintiff's treatment, the severity of his condition has been improperly documented, not documented, or properly attached to any outside consultations with specialists, making evaluating plaintiff's worsening condition and lack of progress difficult, if not impossible, negligently impeding plaintiff's treatment.

58.) No doctor has taken reasonable steps to address plaintiff's short-gut syndrome, adhesions, and BOP officials lack the requisite skill and training to adequately care for the plaintiff given his particular medical condition. They knew or should have known that they were not qualified to provide the care the plaintiff needs. Instead, plaintiff's worsening condition has been ignored leaving plaintiff extremely ill and in extreme pain.

59.) Plaintiff believes that the continued gastrointestinal complications, kidney and back pain, and arthritis in

plaintiff's knee caused by the metallic fragment left in it for years are the result of the substandard treatment while incarcerated in federal custody.

For all of these reasons, plaintiff respectfully request damages in the amount of $1,000,000.

Plaintiff also demands a trial by a jury.

I, Joshua Moses, pursuant to 28 U.S.C. § 1746 declare under penalty of perjury the foregoing is true and correct.

## Certificate of Service

I, Joshua Moses, certify that on this ___27th___ day of January 2020, I provided a copy of this Civil Rights Complaint seeking damages and a jury trial to prison officials to be mailed to:

United States District Court
District of New Jersey
Office of the Clerk
Mitchell H. Cohen
U.S. Courthouse
1 John F. Gerry Plaza
Camden, N.J. 08101

Mr. Joshua Moses
Reg. No. 55716-066
FCI-Fort Dix
P.O. Box 2000
Joint Base MDL, N.J. 08640

*Joshua Moses*

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

8.    Do you request a jury or non-jury trial? (Check only one)

(x) Jury Trial ( ) Non-Jury Trial

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __21th__ day of __January__ , 20 __20__

_____
Signature of plaintiff*

(*EACH PLAINTIFF NAMED IN THE COMPLAINT MUST SIGN THE COMPLAINT HERE. ADD ADDITIONAL LINES IF THERE IS MORE THAN ONE PLAINTIFF. REMEMBER, EACH PLAINTIFF MUST SIGN THE COMPLAINT).

In The United States District Court
for the District of New Jersey

Joshua Moses
      Plaintiff/Petitioner

      v.

FBOP Medical Staff, BOP
Contractors, United States
of America, et al.
    , Defendants

## Motion For Appointment Of Counsel

1.) Plaintiff, Joshua Moses, is not able to afford counsel.

2.) The issues involved in this case are complex.

3.) The prison limits the hours that Plaintiff may have access to the prison library and the law materials contained there are very limited.

4.) Plaintiff has limited knowledge of the law.

5.) The ends of justice would be best served in this case if an attorney was appointed to represent the plaintiff.

Date: January 27, 2020

Name: Joshua Moses
Address:
      FCI-Fort Dix
      P.O. Box 2000
      Unit-5812
Joint Base, MDL 08640

*Joshua Moses*

1 of 1

United States District Court
District of New Jersey

Joshua Moses,
    Plaintiff/Petitioner

    v.

FBOP Medical Staff, et al.
    Defendants

### Memorandum Of Law And Facts
### In Support Of Motion
### For The Appointment Of Counsel

The nature of this case and the factual issues involved require special consideration of these factors given that plaintiff specifically identified factual issues that touch upon complex medical issues and credibility, such as defendants having knowledge and whether their response constituted reckless disregard and deliberate indifference with respect to plaintiff's health.

Appointing counsel in this case is necessary and appropriate due to the potential medical expert and credibility issues, and affects plaintiff's ability to effectively present his case that is actively in suit and time sensitive.

This court could conclude that factors such as the potential for expert testimony and the possibility that credibility determinations will play a significant role in the resolution of plaintiff's claims at trial and weigh in favor of the appointment of counsel.

Plaintiff continues to suffer from major complications that include bowel obstructions where emergency room trips were required, immediate life-sustaining measures. Plaintiff has been referred to surgeons more than 8 times by 3 different prison

1 of 2

physicians in more than 3 districts.

Should something tragic happen and or surgery or other off-site tests and procedures occur, plaintiff will have no knowledge or control of due to a breach of prison security could interfere with the court's scheduling orders and deadlines, and also leaves plaintiff ill-equipped to represent himself or to litigate a claim of this nature. These points outweigh the other factors that mitigate against appointment.

Plaintiff is uneducated generally and totally in legal matters. He cannot leave this prison to interview defendants, witnesses or doctors who attended him. Plaintiff's version of events are in sharp contrast with that of the defendants, so that the outcome of this case will depend largely on credibility. Plaintiff has no legal training in cross-examinations.

There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se litigants only in exceptional cases. The existence of exceptional circumstances justifying appointment of counsel depends upon the type and complexity of the case, and the ability of the individuals bringing it. If it is apparent that a pro se litigant has a colorable claim but lacks the capacity to present it, the District Court should appoint counsel to assist him.

WHEREFORE, plaintiff requests in the interest of justice that this Honorable Court exercise it's discretion and appoint counsel in this matter to resolve the issues.

Pursuant to 28 U.S.C. § 1736 I declare under penalty of perjury that the foregoing is true and correct.

Date: January 27, 2020          Name: Joshua Moses

2 of 2

IN THE UNITED STATES DISTRICT COURT
FOR THE          DISTRICT OF     New Jersey

UNITED STATES OF AMERICA          )
                                  )
                                  )
                                  )
         vs.                      )          CRIMINAL NUMBER:
                                  )
Joshua Moses                      )
                                  )
                                  )

---

### PRO SE CERTIFICATE OF SERVICE

I, Joshua Moses          , Petitioner herein, do hereby certify
that an original and two copies of the foregoing filing has been
furnished upon the Office of Clerk for the United States
District of New Jersey          :

OFFICE OF THE CLERK
U.S. DEPARTMENT OF JUSTICE
UNITED STATES DISTRICT COURT
DISTRICT OF New Jersey
CAMDEN OFFICE
Mitchell H. Cohen, U.S. Courthouse
1 John F. Gerry Plaza
CAMDEN, NJ 08101
And a true and correct copy has been furnished upon the
Office of the United States Attorney for the          District of
                                  :

ASSISTANT UNITED STATES ATTORNEY
UNITED STATES ATTORNEY
DEPARTMENT OF JUSTICE
DISTRICT OF

I declare under penalty of perjury that the foregoing is true
and correct. Executed on this day **27 th** of January , 2020

Joshua Moses

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

(Title of Action)

Joshua Moses

           Plaintiff,     :       Civil Action No.

United States    v.       :       NOTICE OF MOTION
of America

           Defendant.    :

                      :

PLEASE TAKE NOTICE __Joshua Moses_____
(Name of Moving Party)

will move before the Honorable _____, U.S.D.J. on

_____

(Motion days are the 1st and 3rd Monday of each month)

for an Order __for Compensatory & punitive damages for $1,000,000.__
(describe type of relief being sought)

In support of my motion, I will rely on the attached brief (if necessary).

_Joshua Moses *55716-066_
Name
FCI - Fort Dix, P.o. Box 2000
Joint Base, MDL 08640

_____
Address

Date: _1/27/20_____

CERTIFICATION OF SERVICE

I, __Joshua Moses__ , certify that a copy of my motion was served
      (Name of Moving Party)

by __First Class Mail__ on __1/27/20__ upon:
   (Mail, Personal Service, etc.)        (Date)

__United States of America /FBOP__
(Name of Opposing Party)

__FCI- Fort Dix__

__5756 Hartford St. & Pointville Road__

__Fort Dix, NJ 08640__
(Address of Opposing Party)

__Joshua Moses__
Name (Signature)

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

|  |  |
|---|---|
| Joshua Moses | ) ) ) ) ) ) |
| Plaintiff(s) | ) |
| v. | ) |
| | ) |
| Jeffrey Wilk | ) ) ) ) |
| Defendant(s) | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Jeffrey Wilk, AHSA
5756 Hartford Street & Pointville Road
Fort Dix, NJ 08640

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

MOSES, JOSHUA  55716066

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

| | |
|---|---|
| Joshua Moses | ) |
| *Plaintiff(s)* | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) |
| David Ortiz | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

David Ortiz
5756 Hartford St. & Pointville Road
Fort Dix, NJ 08640

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

MOSES, JOSHUA 55716066

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

|  |  |
|---|---|
| Joshua Moses<br>*Plaintiff(s)*<br><br>v.<br><br>Charles Smith<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Charles Smith
5756 Hartford St. & Pointville Road
Fort Dix, NJ 08640

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____
                                                 *Signature of Clerk or Deputy Clerk*

MOSES, JOSHUA 55716066

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

|  |  |
|---|---|
| Joshua Moses<br>*Plaintiff(s)*<br><br>v.<br><br>Kimberly Kodger<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Kimberly Kodger
5756 Hartford St. & Pointville Road
Fort Dix, NJ 08640

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____
                                                   *Signature of Clerk or Deputy Clerk*

MOSES, JOSHUA 55716066

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Joshua Moses
_____
*Plaintiff(s)*

v.

William Lebron-Ocasio
_____
*Defendant(s)*

)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
William Lebron-Ocasio
5756 Hartford St. & Pointville Road
Fort Dix, NJ 08640

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

MOSES, JOSHUA 55716066

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## for the

Joshua Moses
_____
*Plaintiff(s)*

v.

Nicoletta Turner-Foster
_____
*Defendant(s)*

)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
Dr. Nicoletta Turner-Foster
5756 Hartford St. & Pointville Road
Fort Dix, NJ 08640

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

·MOSES, JOSHUA 55716066·

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

<table>
<tr><td>Joshua Moses<br><em>Plaintiff(s)</em><br><br>v.<br><br>Louis G. Fares<br><em>Defendant(s)</em></td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>Civil Action No.</td></tr>
</table>

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
Dr. Louis G. Fares
1 Robert Woods Johnson Place
New Brunswick, NJ 08901

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                               *Signature of Clerk or Deputy Clerk*

MOSES, JOSHUA 55716066

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Joshua Moses
*Plaintiff(s)*

v.

Bhanwarlal Chowdhury
*Defendant(s)*

)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
Dr. Bhanwarlal Chowdhury
St. Francis Medical Center
601 Hamilton Ave
Trenton, NJ 08629

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

MOSES, JOSHUA 55716066

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Joshua Moses
*Plaintiff(s)*

v.

Ravi Sood
*Defendant(s)*

)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
Dr. Ravi Sood
5756 Hartford St. & Pointville Road
Fort Dix, NJ 08640

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____     _____
                                *Signature of Clerk or Deputy Clerk*

MOSES, JOSHUA  55716066

**BEFORE THE HEALTH CARE ALTERNATIVE DISPUTE RESOLUTION OFFICE**

JOSHUA MOSES, *Prison Identification No.*          )
*55716-066*                                        )
    **Claimant,**                                )
                                                 )
                                                 )
**S. Mohamed Moubarek,** *et al.,*                 )
    **Health Care Providers.**                    )

R E C E I V E D

JAN 3 0 2020

AT 8:30_____M
WILLIAM T. WALSH
CLERK

### CERTIFICATE OF QUALIFIED EXPERT

I, Richard A. O'Malley, M.D., hereby certify as follows:

1. I am a primary care doctor in private practice and have practiced for 21 years in Towson, Maryland. I am licensed by the State of Maryland and board certified in Internal Medicine by the American Board of Internal Medicine. In my practice, I address a wide range of front-line health problems with my patients.

2. I have reviewed the records pertaining to the care and treatment of Joshua Moses, including his care and treatment records while he was incarcerated at FCI-Cumberland from May 2015 to June 2017. I have also reviewed records of treatment from Temple University Hospital pre-dating his incarceration, as well as records of treatment during the brief period of time that he was temporarily in the custody of the City of Philadelphia and Commonwealth of Pennsylvania between February and April 2016. I have also reviewed certain materials from a pending federal lawsuit brought by Mr. Moses.

3. Based on my review of these materials, it is my opinion to a reasonable degree of medical certainty that Mr. Moses's healthcare providers at FCI-Cumberland, including, but not limited to, Dr. Mohammed Moubarek, did not comply with accepted standards of care and treatment, and this departure from the standard of care caused Mr. Moses

2

complications from pre-existing short bowel syndrome as well as from localized abdominal wounds caused by protruding sutures. My opinions are set forth in further detail in the attached report, which is incorporated into this certificate as if fully set forth herein.

4. I did not devote any of my professional work to activities that directly involve testimony in personal injury claims during the 12 months immediately preceding the filing of this claim.

5. I have read the above and certify that it is true and correct to the best of my knowledge and belief.

Richard A. O'Malley, M.D.

Dated: January 16 , 2020

2

## BEFORE THE HEALTH CARE ALTERNATIVE DISPUTE RESOLUTION OFFICE

### <u>REPORT OF RICHARD A. O'MALLEY, M.D.</u>

I am a primary care doctor in private practice for 21 years in Towson, Maryland. I am board certified in Internal Medicine by the American Board of Internal Medicine. My background is set forth in greater detail in the attached curriculum vitae.

I have reviewed medical records of Joshua Moses from Temple University Hospital, the United States Bureau of Prisons, the Philadelphia Department of Corrections, as well as records and images from external consultations ordered by Bureau of Prisons staff. In addition, I have reviewed records of communications between Mr. Moses and prison staff memorialized on the inmate communication system. I have also reviewed certain materials from a pending federal lawsuit brought by Mr. Moses. Based on my review of these materials, I have learned the following pertinent facts about Mr. Moses's care from prison medical providers, including Dr. Mohammed Moubarek, during his incarceration at FCI-Cumberland from May 2015 to June 2017.

Prior to his incarceration, Mr. Moses suffered extensive injuries as a result of gunshot wounds to the chest, abdomen and knee. He underwent abdominal surgeries necessary to repair these injuries, including resections of the appendix, the small bowel, and the transverse colon; treatment for multiple enterocutaneous fistulae; a reconstruction of the abdominal wall, which required the placement of a bioprosthetic mesh and skin grafting. These were lifesaving surgeries, but they resulted in the removal of much of Mr. Moses's small intestine, leaving him with a malabsorption disorder known as short bowel syndrome.

After Mr. Moses was taken into federal custody, but before he was transferred to FCI-Cumberland, medical staff at Federal Detention Center-Philadelphia ("FDC") noted "a splinter-sized wire" protruding from his abdominal wound. The "splinter-sized wire" was likely a non-absorbable suture from Mr. Moses's earlier surgeries. Mr. Moses reported symptoms to FDC staff, including hemoptysis (blood in the sputum), diarrhea and unexplained weight loss. Mr. Moses underwent a series of radiological imaging and laboratory tests while incarcerated at FDC, but the underlying causes of his symptoms were never identified.

Almost immediately after Mr. Moses was transferred to FCI-Cumberland in May 2015, he made Cumberland staff, including Dr. Moubarek, aware of his symptoms. Mr. Moses specifically identified the protruding suture, and further reported tenderness and leakage from the same wound. Mr. Moses also reported nausea, diarrhea, hematemesis (vomiting of blood) and severe pain.

Throughout Mr. Moses's period of incarceration, he continued to complain of symptoms, including pain, vomiting, nausea, diarrhea, hemoptysis, hematemesis and unexplained weight loss. Despite these symptoms continuing for well over a year, the records I reviewed demonstrate a failure to seek appropriate specialty consultation when the initial testing by primary care did not identify the cause. When Dr. Stephanie McGann, a prison physician who worked under the direction of Dr. Moubarek, requested a CT scan, that request was denied by the

4

prison's utilization review committee ("URC"). Dr. Moubarek, a member of the URC, signed the denial. The CT scan was eventually performed, but it did not identify the cause of Mr. Moses's symptoms. As a primary care practitioner, the next step should have been referral to a specialist with greater expertise, in this case a gastroenterologist. Dr. McGann did request a consultation with general surgery, but the request was denied by the URC, and the denial was again signed by Dr. Moubarek.

More than a year later, after continued complaints of abdominal pain, diarrhea, and weight loss, another practitioner under Dr. Moubarek's supervision, Tom Gera, performed basic labwork and stool studies, but failed to identify the cause of Mr. Moses's symptoms. Once again, Mr. Moses was not sent for consultation with an appropriate specialist.

While Dr. Moubarek and other prison officials, largely at Mr. Moses's insistence, made superficial attempts to address the protruding suture, those efforts were inadequate. In August 2015, Mr. Moses was provided with an abdominal binder and scheduled for regular skin checks and dressing changes, but Dr. Moubarek and his staff provided no further treatment at that time or for the better part of two years. Dr. Moubarek concluded that specialty referral to address the protruding suture would be inappropriate given the complexity of Mr. Moses's case. However, given that the protruding sutures provided a potential pathway for bacteria from his skin to travel to deeper tissues, including the bioprosthetic mesh that was part of his complex abdominal wall reconstruction, the complexity of his case should have favored specialty consultation.

Over the remainder of his incarceration at FCI-Cumberland, Mr. Moses continued to complain of drainage, which at times was purulent (i.e., contained pus) and at other times bloody, along with malodor, and increasingly severe localized pain. Medical records confirm drainage, which was, at least occasionally, bloody, purulent or malodorous. By November 2015, staff also noted "beefy red tissue protruding from the opening," most likely hypertrophic granulation tissue or "suture granuloma." It was at this time that Dr. Stephanie McGann referred Mr. Moses for general surgical consultation and had the request denied by Dr. Moubarek, as the head of the URC. A general surgeon would have likely removed the suture material, which would have allowed the wounds to heal quickly, as they did when this was eventually done two years later.

By the beginning of 2016, an additional suture area became exposed, and in February the sutures were recorded to be "protruding through the skin" by 1 mm and 2 mm, respectively. There appears to have been no change in Mr. Moses's treatment strategy beyond providing an additional dressing or, at times, an additional Band-Aid.

From February through April 2016, Mr. Moses was in the custody of the Philadelphia Department of Corrections, and not under the care of Dr. Moubarek or any other agent of the United States. In Philadelphia, the suture protrusion increased to 5 mm and Philadelphia medical staff noted the need for "urgent" intervention. Mr. Moses was referred to an outside practitioner at Temple University, but the appointment conflicted with a required court appearance and could not be rescheduled before he was returned to FCI-Cumberland and therefore it never took place.

4

Upon return from Philadelphia and throughout the remainder of 2016, Mr. Moses continued to experience drainage and other symptoms suggestive of possible infection surrounding the exposed sutures. In May 2016, Dr. McGann again requested that Mr. Moses be scheduled for an external surgical consult, which she termed "medically necessary" and Dr. Moubarek, acting in the role of the URC, again denied the request. By early 2017, the exposed sutures, including a third suture, began to protrude significantly further beyond Mr. Moses's abdomen – up to 1-2 cm, or 10-20 mm. The protruding sutures, combined with increasingly severe diarrhea and vomiting, along with accompanying maldigestion, led Tom Gera, a physician's assistant, to recommend an additional external surgical consult in March 2017 and again in April 2017. The latter consult was finally approved, and the protruding sutures were removed on May 18, 2017.

Based on my review of these materials and with specific reference to the facts set forth above, I have developed the following opinions:

- Mr. Moses presented to FCI-Cumberland with short bowel syndrome, a condition caused by his extensive surgeries and likely exacerbated by his diet while incarcerated. This diagnosis was ultimately made after consultation with gastrointestinal specialists while he was housed at FCI-Fort Dix.

- The standard of care requires that primary care providers and internists, such as FCI-Cumberland clinical director Dr. Moubarek, when treating patients with persistent and severe gastrointestinal symptoms, such as vomiting, chronic diarrhea, chronic abdominal pain, and weight loss, seek consultation with a gastroenterologist, or other qualified specialist, if they are unable to diagnose the condition or alleviate the symptoms.

- Given that short bowel syndrome can be treated with dietary modification and, when appropriate, antibiotic medications, and given that the diagnosis was ultimately made after referral to a qualified specialist in 2017, it is my opinion that the failure to follow the standard of care, while at FCI-Cumberland, caused Mr. Moses to suffer unnecessarily with vomiting, nausea, diarrhea and pain for multiple years.

- Mr. Moses also presented to FCI-Cumberland with protruding sutures. This is a common complication of surgery. The protruding sutures subsequently developed granuloma and caused persistent drainage and, at least intermittently, purulence and malodor. The sutures often tugged on Mr. Moses's clothing, causing discomfort. The standard of care in such cases requires that primary care providers and internists, such as Dr. Moubarek, refer the patient to a surgeon, or other qualified specialist, for suture removal.

- As a result of the failure to consult with a qualified specialist for nearly two years, Mr. Moses's wounds remained open and exposed to the environment, causing pain and emotional distress and unnecessarily risking infection of the underlying complex abdominal wall closure. When an appropriate consultation was made in 2017, the suture material was removed, and the wounds healed quickly.

4

This report is not a complete recitation of all opinions I hold with respect to Mr. Moses. Upon receipt of additional facts, I reserve the right to amend or supplement this report.

Executed on the __16__ᵗʰ day of January, 2020.

Richard A. O'Malley, M.D.

4

**U.S. Department of Justice**

Federal Bureau of Prisons

Northeast Regional Office

*Via Certified and Return Receipt Mail*

---

U.S. Custom House-7th Floor
2nd & Chestnut Streets
Philadelphia, PA 19106

September 17, 2019

Mr. Joshua Moses, Reg. No. 55716-066
FCI Fort Dix
P.O. Box 2000
Joint Base MDL, NJ  08640

    RE:  Administrative Claim No. TRT-NER-2019-03368

Dear Mr. Moses:

    Administrative Claim No. TRT-NER-2019-03368, properly received in this office on March 18, 2019, has been accepted and considered for settlement as provided by the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2672, under authority delegated to me by 28 C.F.R. § 543.30.  You seek $1,000,000.00 for a personal injury claim. Specifically, you allege you have gastrointestinal complications, kidney and back pains, and arthritis in your knee due to inadequate medical care at FCI Fort Dix.

    An investigation reflects on June 21, 2017, you arrived at FCI Fort Dix with pre-existing injuries, chronic pain and numbness in your knees stemming from a gunshot wound to your abdomen.  During your 14-day chronic care evaluation, the physician noted all of your abdominal surgeries and other pre-existing ailments.  It was also noted you were not in any distress.  A review of your medical records reveals you have been evaluated in Health Services on numerous occasions.  The Bureau of Prisons has continued to provide you with medical care that is consistent with community standards and Bureau of Prisons policies.  There is no evidence you experienced a compensable loss as the result of negligence on the part of any Bureau of Prisons employee.  Accordingly, your claim is denied.

    If you are dissatisfied with this decision, you may bring an action against the United States in an appropriate United States District Court within six (6) months of the date of this letter.

                   Sincerely,

                   Darrin Howard
                   Regional Counsel

cc: David E. Ortiz, Warden, FCI Fort Dix



**U.S. Department of Justice**

Federal Bureau of Prisons

*Mid-Atlantic Regional Office*

---

*302 Sentinel Drive, Suite 200*
*Annapolis Junction, MD 20701*

August 19, 2019

Jessica Miller
Skadden, Arps, Slate, Meagher, and Flom LLP
1440 New York Avenue, NW
Washington, DC 20005

      RE:  Administrative Claim No. TRT-MXR-2019-02508; Joshua Moses, Reg. No. 55716-066

Dear Ms. Miller:

      The Bureau of Prisons has considered the administrative claim filed by your client, Joshua Moses, under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, for administrative settlement.  He seeks compensatory damages in the amount of $1,000,000.00, claiming health services staff at the Federal Correctional Institution ("FCI") Cumberland negligently treated various medical complaints while he was housed at that facility.

      An investigation fails to disclose any evidence of negligence for which the United States is liable.  Therefore, your client's claim is denied.

      If you are not satisfied with our determination in this matter, you may file suit in the appropriate U.S. District Court no later than six months after the date of this letter.

                    Sincerely,

                    Matthew W. Mellady
                    Regional Counsel
                    Mid-Atlantic Region