IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSHUA MOSES,<br><br>               Plaintiff,<br><br>   v.<br><br>RAVI SOOD, et al.,<br><br>              Defendants. | Civil Action<br>No. 20-1025 (NLH) (JS)<br><br>**OPINION** |

APPEARANCES:

Joshua Moses
55716-066
Fort Dix
Federal Correctional Institution
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640

    Plaintiff pro se

**HILLMAN, District Judge:**

    1.   Plaintiff Joshua Moses is a convicted and sentenced federal prisoner currently confined in FCI Fort Dix, New Jersey. He is proceeding in forma pauperis with a civil rights complaint filed pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq. He has also moved for the appointment of pro bono counsel. ECF No. 1 at 21.

2. At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. Having completed this screening, the Court will permit the complaint to proceed in part.

3. The Court will also grant Plaintiff's motion for the appointment of counsel.

4. Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding in forma pauperis, see 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, see 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, see 42 U.S.C. § 1997e. The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

5. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915 because Plaintiff is a prisoner proceeding in forma pauperis.

6.  In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). According to the Supreme Court's decision in Ashcroft v. Iqbal, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

7.  To survive sua sponte screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  Fowler v. UPMS Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Iqbal, 556 U.S. at 678).

---

[1] "[T]he legal standard for dismissing a complaint for failure to state a claim . . . is identical to the legal standard employed in ruling on 12(b)(6) motions."  Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)).

8.   Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

9.   Plaintiff alleges prison officials at FCI Fort Dix failed to adequately treat his chronic gastrointestinal problems.  Construing the complaint liberally and giving Plaintiff the benefit of all reasonable inferences, the Court concludes he has satisfactorily alleged Eighth Amendment denial of medical care claims.

10.  Plaintiff has also sufficiently alleged FTCA claims of medical malpractice and negligence.  The FTCA "operates as a limited waiver of the United States's sovereign immunity[,]" White-Squire v. U.S. Postal Serv., 592 F.3d 453, 456 (3d Cir. 2010), and a FTCA plaintiff may sue only the United States, CNA v. United States, 535 F.3d 132, 138 n.2 (3d Cir. 2008) ("The Government is the only proper defendant in a case brought under the FTCA.").  To that end, the medical malpractice and negligence claims against the individual defendants will be dismissed, and the Clerk shall add the United States as a defendant.

11. Plaintiff alleges he filed a notice of claim form, ECF No. 1 at 7; therefore, the Court will preliminarily exercise jurisdiction over the FTCA claims.[2]

12. Plaintiff further alleges that William Lebron-Ocasio "failed to keep accurate medical records, and timely requests for records in violation of the Privacy Act, and interfered with medical determinations as well as interfered with access to the Courts, and Administrative Process in violation of the First Amendment to the United States Constitution." ECF No. 1 at 5. The factual portion of the complaint contains no reference as to how Lebron-Ocasio allegedly interfered with medical determinations or Plaintiff's access to the Courts.

13. Plaintiff also alleges that Lebron-Ocasio falsified his medical records. "Such claims are exclusively 'within the remedial scheme of the Privacy Act [5 U.S.C. § 552a],' which authorizes a cause of action to be brought against federal agencies only." Lynn v. Lappin, 593 F. Supp. 2d 104, 106 (D.D.C. 2009) (alteration in original) (quoting Chung v. United States DOJ, 333 F.3d 273, 274 (D.C. Cir. 2003)). See also Kates v. King, 487 F. App'x 704, 706 (3d Cir. 2012) ("The Act does not authorize suit against individual employees of an agency.").

---

[2] The Court's preliminary exercise of jurisdiction over the FTCA claim shall not prevent the United States from raising any affirmative defenses after it has been served.

14. Even if the Court were to construe the Privacy Act claim as being brought against the Bureau of Prisons, it would still have to be dismissed.  "The Privacy Act 'governs the government's collection and dissemination of information and maintenance of its records [and] generally allows individuals to gain access to government records on them and to request correction of inaccurate records.'"  Id. (quoting Perry v. Bureau of Prisons, 371 F.3d 1304, 1304-05 (11th Cir. 2004)) (alteration in original).

15. The BOP's central record system, including the Inmate Physical and Mental Health Record System, is entirely exempt from the access and amendment requirements and the civil remedies provision of the Privacy Act.  28 C.F.R. § 16.97(a)(5); see also Kates, 487 F. App'x at 706; Brown v. Bureau of Prisons, 498 F. Supp. 2d 298, 302 (D.D.C. 2007) ("Plaintiff effectively is barred from obtaining any remedy, including damages, for BOP's alleged failure to maintain records pertaining to him with the requisite level of accuracy.").

16. Plaintiff has not alleged any facts against Lebron-Ocasio for deliberate indifference or interference with Plaintiff's access to the courts, and the Privacy Act claims cannot proceed; therefore, the Court will dismiss Lebron-Ocasio from this litigation.

17. The Court turns now to Plaintiff's motion for the appointment of counsel. Indigent persons raising civil rights claims have no absolute right to counsel. See Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). As a threshold matter, there must be some merit in fact or law to the claims the plaintiff is attempting to assert. Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). As the Court is permitting the complaint to proceed in part, it will analyze the remaining Tabron factors.

18. In determining whether to appoint counsel, a court considers the following: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. See id. at 155-56, 157 n.5; see also Cuevas v. United States, 422 F. App'x 142, 144-45 (3d Cir. 2011) (reiterating the Tabron factors).

19. The Tabron factors weigh in favor of the appointment of counsel. Plaintiff has filed Bivens and FTCA claims concerning his medical treatment at FCI Fort Dix, New Jersey. Resolution of these issues could be complex, will rely on the

7

parties' credibility, and will likely require expert testimony and significant discovery.  It is unlikely that Plaintiff will be able to conduct discovery without the assistance of counsel. Finally, Plaintiff cannot afford counsel on his own.

    20.  The complaint shall proceed in part as set forth above and counsel shall be appointed for Plaintiff.

    21.  An appropriate order follows.


  September 28, 2020                             s/ Noel L. Hillman
Date                                                  NOEL L. HILLMAN
At Camden, New Jersey                  U.S. District Judge