UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOSHUA MOSES,**<br><br>　　　　　　　　　　**Plaintiff,**<br><br>　v.<br><br>**DR. RAVI SOOD, DR. LOUIS G. FARES, DR. B. CHOWDHURY, NICOLETTA TURNER-FOSTER, DAVID ORTIZ, UNITED STATES OF AMERICA, and BUREAU OF PRISONS, JOHN/JANE DOES 1-10.**<br><br>　　　　　　　　　　**Defendants**. | Case No. 20-CV-1025-KMW-MJS<br><br>　Motion Returnable:<br>　February 20, 2024 |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT CHOWDHURY'S MOTION
FOR SUMMARY JUDGMENT**

　　　　　　　　　　　　　　　　　　　　　　　**REED SMITH LLP**
　　　　　　　　　　　　　　　　　　　　　　　506 Carnegie Center, Suite 300
　　　　　　　　　　　　　　　　　　　　　　　Princeton, New Jersey 08540
　　　　　　　　　　　　　　　　　　　　　　　Tel. (609) 987-0500
　　　　　　　　　　　　　　　　　　　　　　　Fax (609) 951-0824
　　　*Pro Bono Counsel for Plaintiff*
　　　　　　　　　　　　　　　　　　　　　　　*Joshua Roy Moses*

***Of Counsel and On the Brief:***
Saranne E. Weimer, Esq.
Wendy D. Choi, Esq.
Don A. Innamorato, Esq.

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

STATEMENT OF FACTS ............................................................................................................3

RELEVANT PROCEDURAL HISTORY .....................................................................................5

LEGAL ARGUMENT ...................................................................................................................6

      I.      Standard Of Review On A Motion For Summary Judgment..................................6

      II.     The Court Should Deny Dr. Chowdhury's Partial Motion for Summary Judgment Because There is a Genuine Issue of Material Fact on the Issue of Deliberate Indifference. ...................................................................................8

CONCLUSION ............................................................................................................................11

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Abraham v. Raso*,
  183 F.3d 279 (3d Cir. 1999)...................................................................................6

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986)...............................................................................................7

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986)...............................................................................................7

*Farmer v. Brennan*,
  511 U.S. 825 (1994)...............................................................................................8

*Giles v. Kearney*,
  571. F.3d 318, 330 (3d Cir. 2009)..........................................................................8

*Johnson v. Quinones*,
  145 F.3d 164 (4th Cir. 1998) .................................................................................8

*Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*,
  475 U.S. 574 (1986)...............................................................................................7

*Monmouth Cty. Corr. Inst. Inmates v. Lanzaro*,
  834 F.2d 326 (3d Cir. 1987)...................................................................................8

*Pierce v. Pitkins*,
  520 F. App'x 64 (3d Cir. 2013) ...........................................................................10

*Rouse v. Plantier*,
  182 F.3d 192 (3d Cir. 1999).................................................................................10

*Tineo v. Fed. Bureau of Prisons*,
  2021 U.S. Dist. LEXIS 33239 (D.N.J. Feb. 23, 2021) ..........................................8

**Rules**

Fed. R. Civ. P. 56(a) ....................................................................................................6

Fed. R. Civ. P. 56(c)(1)................................................................................................7

L. Civ. R. 56.1..............................................................................................................1

Pursuant to Fed. R. Civ. P. 56(c) and L. Civ. R. 56.1, Plaintiff, Joshua Roy Moses ("Mr. Moses" or "Plaintiff"), respectfully submits this Brief in Opposition to Defendant Dr. Bhanwarlal Chowdhury's ("Dr. Chowdhury" or "Defendant") Motion for Summary Judgment (ECF No. 117).

## PRELIMINARY STATEMENT

Dr. Chowdhury is a Gastroenterologist and consultant of the United States Bureau of Prisons who acted as a specialist for inmates requiring care within his field of expertise. Plaintiff Joshua Moses was an inmate at the Federal Correctional Institute Fort Dix ("FCI Fort Dix") during the relevant period. With a long history of gastrointestinal issues that pre-dated Mr. Moses' confinement at FCI Fort Dix, Mr. Moses required specialized care and assistance for his condition, which Mr. Moses managed for years outside of prison without issue.

Mr. Moses was referred to Dr. Chowdhury for gastroenterological care during his confinement at FCI Fort Dix. However, instead of making a good faith effort to care for Mr. Moses and his significant medical issues, Dr. Chowdhury acted with deliberate and egregious indifference to Mr. Moses and his medical needs. Specifically, despite Dr. Chowdhury's own representation that "[f]or nearly two years, Dr. Chowdhury consistently provided intensive and frequent care to Plaintiff," Dr. Chowdhury:

(i) never even bothered to review Mr. Moses' medical records (despite admitting he knew that this is important to appropriate patient care);

(ii) ***knowingly*** failed to order or recommend appropriate diagnostic tests, including the only diagnostic procedure that could have determined whether Mr. Moses' debilitating pain was caused by adhesions (as Dr. Chowdhury suspected) or even order any imaging (CT/MRI/endoscopies/ultrasounds/X-rays) that could have ruled out other causes;

(iii) refused to prescribe any form of pain management for Mr. Moses' unbearable pain, including even an over-the-counter pain reliever like Tylenol, despite admitting that he ***knew*** Mr. Moses was suffering from severe pain; and

    (iv)    admittedly **<u>treated Mr. Moses differently than he would have acted if Mr. Moses were a private patient</u>** and not an inmate (in which case he would have offered the tests and procedures he never offered to Mr. Moses).

Despite these egregious failings, Dr. Chowdhury moves for partial summary judgment implausibly arguing that Mr. Moses' claims are nothing more than a dispute over the proper course of treatment, and therefore Mr. Moses' claims do not rise to the level of "deliberate indifference."[1] Despite Dr. Chowdhury's attempts to characterize his blatant and intentional failures as a mere "disagreement" over the proper course of treatment, he cannot escape his admissions during his deposition that undermine his attempt to obtain summary judgment. Indeed, Defendant's Statement of Material Facts ("Def.'s SMF", ECF No. 117-2) entirely ignores Dr. Chowdhury's two-hundred page deposition testimony, selectively cites to allegations in the Second Amended Complaint, and even inappropriately argues (without citation) that Mr. Moses' (unrefuted) expert report must include references to constitutional standards in support of the deliberate indifference claims. (*See, generally,* Def.'s SMF.)  Dr. Chowdhury's tactics are obviously insufficient to establish entitlement to summary judgment.

Of course, Dr. Chowdhury is not entitled to summary judgment simply because a *medical* expert opining on his egregious medical failures did not include a *legal* analysis of the Eighth Amendment and/or deliberate indifference standards.  As set forth in Plaintiff's Counterstatement of Facts ("Pl.'s CSMF") submitted herewith, the record clearly establishes that Dr. Chowdhury's conduct was shocking, alarming, concerning, and at the very least, there is a genuine dispute of material fact as to whether the conduct constitutes deliberate indifference (if not sufficient evidence to constitute deliberate indifference as a matter of law).  Dr. Chowdhury is certainly not entitled to summary judgment.

---

[1] Dr. Chowdhury has not moved for summary judgment on the negligence-based claims.

Given the above, and as set forth in detail in the Counterstatement of Facts, there are numerous genuine disputed issues of material fact here, and the Court should deny Defendant's Partial Motion for Summary Judgment.

## STATEMENT OF FACTS

Plaintiff refers to and fully incorporates his Counterstatement of Facts ("Pl.'s CSMF") and Response to Plaintiff's Statement of Material Facts (Pl.'s RSMF") as if set forth fully herein.

By way of brief summary, Plaintiff Joshua Moses was an inmate at FCI Fort Dix from June 2017, where he remained incarcerated through the timeline of this lawsuit. (*See* Pl.'s CSMF ¶ 5; Compl., Exh. A. to Def.'s SMF ¶ 2.) Mr. Moses had an extensive history with gastroenterological issues prior to his confinement at FCI Fort Dix, stemming from gunshot wounds suffered in 2009. (Pl.'s CSMF ¶¶ 2-5.) Mr. Moses managed these issues outside of prison without issue. (Pl.'s CSMF ¶ 3.) While an inmate at FCI Fort Dix, the prison referred Mr. Moses to Dr. Chowdhury, the prison's consulting gastroenterologist, for treatment related to these issues. (Pl.'s CSMF ¶ 10.) Dr. Chowdhury treated Mr. Moses on four occasions over two years. (Def.'s Moving Br. 8.) Although Dr. Chowdhury had admittedly never bothered to review any of his medical records (Pl.'s CSMF ¶ 16), Dr. Chowdhury believed that Mr. Moses was suffering from "adhesions." Adhesions are an extremely painful condition caused by scar tissue in the abdomen. (Pl.'s CSMF ¶ 21; Expert Report of Dr. Eisner ("Dr. Eisner's Report") Exh. B. to Def.'s SMF at 2.) Adhesions are a very serious medical condition where the scar tissue presses on the patient's organs and nerves, can cause bowel obstructions, and can lead to perforations in the GI tract. (Pl.'s CSMF ¶ 21; Dr. Eisner's Report at 2.) Adhesions can only be diagnosed through exploratory surgery. (Pl.'s CSMF ¶ 22.) If the exploratory surgery reveals adhesions, the treatment is "lysis," which involves burning the problematic scar tissue to alleviate the pain. (Pl.'s CSMF ¶ 23.)

Despite knowing that these were the only procedures that could diagnose and address the suspected adhesions, Dr. Chowdhury never performed such procedures or even so much as discussed them with Mr. Moses. (Pl.'s CSMF ¶ 50.) Dr. Chowdhury also never ordered additional imaging or testing that could have revealed if Mr. Moses' condition was due to something other than adhesions. (Pl.'s CSMF ¶¶ 26, 38.) Dr. Chowdhury never bothered to order additional testing through CT scans, MRIs, ultrasounds, or X-rays, even though he also knew there were other potential causes of pain—including conditions that could be life-threatening—that would be detected only through further testing. (Pl.'s CSMF ¶ 24.) Significantly, Dr. Chowdhury admitted that ***if he were treating a private patient, instead of an inmate like Mr. Moses, Dr. Chowdhury would have undertaken such procedures/testing***. (Pl.'s CSMF ¶ 26.) The fact that Dr. Chowdhury knew these were the appropriate steps to take in the care of Mr. Moses—and would have taken them for a private patient—alone establishes that he acted with a knowing and blatant disregard for Mr. Moses' condition. Further, and importantly, despite suspecting Mr. Moses had adhesions, which Dr. Chowdhury admitted are very painful, Dr. Chowdhury never even bothered to prescribe Mr. Moses with ***any*** medication (over the counter or prescription) with a pain-relieving effect. (Pl.'s CSMF ¶¶ 46, 51.)

Despite Mr. Moses' ongoing reports of immense pain to Dr. Chowdhury for almost two years, and despite objective evidence to support these reports (including his own diagnosis of painful adhesions), Dr. Chowdhury ignored Mr. Moses' needs, knowingly treated him with a different level of care than would be provided to a non-inmate, and entirely failed to address his suffering. (Pl.'s CSMF ¶¶ 35-36.) In other words, Dr. Chowdhury acted with deliberate indifference towards Mr. Moses' needs, and with the full knowledge that he could and would treat him differently if he were a private patient and not an inmate.

Mr. Moses' expert, Dr. Todd Eisner, confirmed that Dr. Chowdhury's improper conduct caused Mr. Moses to "suffer[] years of chronic untreated abdominal pain, and the suffering associated with such pain." (Dr. Eisner's Report at 8.)

Given the above, and the fact that Dr. Chowdhury knowingly refused to take medically appropriate steps to treat Mr. Moses, including pain-management, it is difficult to imagine a scenario where Dr. Chowdhury could have more blatantly acted with deliberate indifference towards Mr. Moses' needs. As such, the Court should deny Dr. Chowdhury's Partial Motion for Summary Judgment.

## RELEVANT PROCEDURAL HISTORY

Based on the allegations stated above, Mr. Moses' Second Amended Complaint, filed on May 7, 2021 (*ECF No. 21.*), asserts claims for, *inter alia*, Defendant Chowdhury's deliberate indifference to his serious medical needs (a *Bivens* claim), medical malpractice, and negligent infliction of emotional distress.[2]

On December 27, 2021, Mr. Moses submitted an Affidavit of Merit signed by his expert, Dr. Todd D. Eisner, M.D., confirming the substantive validity of Mr. Moses' allegations based on Dr. Chowdhury's conduct as set forth in the Second Amended Complaint.

On June 6, 2023 and July 27, 2023, Mr. Moses deposed Dr. Chowdhury. As set forth in Plaintiff's CSMF, in the course of the deposition, Dr. Chowdhury made several key admissions that undermine his attempt to characterize his conduct as "mere negligence" and support Mr. Moses' *Bivens* claim. (Pl.'s CSMF ¶¶ 16, 50, 57-58.)

---

[2] Dr. Chowdhury moves for summary judgment only on Count I as it relates to deliberate indifference to Mr. Moses' serious medical needs.

On September 7, 2023, Dr. Eisner prepared an expert report detailing severe deviations from expected standard of medical care in Dr. Chowdhury's treatment of Plaintiff. Coupled with Dr. Chowdhury's admissions that he knew the appropriate steps to take—and that he would have taken such steps if Mr. Moses were a private patient and not an inmate—Mr. Moses has continued to pursue these claims against Dr. Chowdhury.

This litigation originally included claims against several other government defendants. The claims against the federal defendants were settled on January 16, 2024. Only the claims against Dr. Chowdhury remain.

On November 21, 2023, Defendant filed this Partial Motion for Summary Judgement. Dr. Chowdhury does not move on the claims subject to a negligence standard but limits his Motion to claims arising under *Bivens* and thus evaluated under the "deliberate indifference" standard.

In his Motion papers, Dr. Chowdhury fails to include a single reference to his own deposition testimony. Instead, he relies entirely on selective allegations from the Second Amended Complaint and the purported lack of legal analysis in Mr. Moses' <u>medical</u> expert's report. (Def.'s SMF ¶ 16.) Dr. Chowdhury then argues that, based on the cherry-picked allegations of a pleading (and ignoring all subsequent record evidence that has only bolstered those allegations), the Court should find Dr. Chowdhury's conduct is insufficient to state a claim under *Bivens*.

Dr. Chowdhury's Motion should be denied. As set forth herein and in the accompanying Counterstatement of Facts, Mr. Moses has clearly established conduct that a reasonable jury could find constitutes deliberate indifference.

## **LEGAL ARGUMENT**

### **I.   Standard Of Review On A Motion For Summary Judgment.**

Summary judgment is only appropriate where the moving party "shows that there is no genuine dispute as to any material fact" and the moving party is entitled to judgment as a matter

of law.  Fed. R. Civ. P. 56(a); *Abraham v. Raso,* 183 F.3d 279, 287 (3d Cir. 1999).  The moving party's burden is to show that there is an absence of evidence to support the nonmoving party's case.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).  In determining whether there is a genuine dispute of a material fact, ***the court must view the facts in the light most favorable to the non-moving party and make all reasonable inferences from those facts***.  *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The non-moving party defeats summary judgment by asserting a genuine material fact in dispute as shown by materials in the record, including depositions, documents, affidavits, or declarations, or other materials.  Fed. R. Civ. P. 56(c)(1).  ***"[I]f the evidence is such that a reasonable jury could return a verdict for the non-moving party," summary judgment must be denied***.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

Here, Dr. Chowdhury has completely ignored the record evidence, including his own admissions at deposition and Mr. Moses' ***unrefuted*** expert report and simply asks this Court to conclude, as a matter of law, that Dr. Chowdhury's egregious conduct cannot rise to the level of "deliberate indifference."  This request is inappropriate in light of all of the record evidence conspicuously absent from his filing.  As set forth above, Dr. Chowdhury, *inter alia*: (i) never bothered to review Mr. Moses' medical records; (ii) knowingly failed to order or recommend appropriate diagnostic tests, including the only diagnostic procedures that could have determined whether Mr. Moses' debilitating abdominal pain was truly caused by adhesions, as Dr. Chowdhury himself suspected, or otherwise eliminate other potential causes of Mr. Moses' medical issues; (iii) more glaringly refused to prescribe *any* form of pain management for the unbearable pain, not even Tylenol or other OTC remedies, despite knowing that Mr. Moses was suffering from such pain; and (iv) admittedly treating Mr. Moses different than he would if he were a private patient

and not an inmate. This repeated conduct clearly creates genuine issues of material fact as to the *Bivens* claim and the Court should deny Dr. Chowdhury's Motion.

**II. The Court Should Deny Dr. Chowdhury's Motion for Partial Summary Judgment Because There is a Genuine Issue of Material Fact on the Issue of Deliberate Indifference.**

The Parties agree that the applicable question regarding Count I of the Complaint is whether Dr. Chowdhury's conduct can constitute "deliberate indifference." (Def.'s Moving Br. 8.) Dr. Chowdhury's argument is essentially that because Dr. Chowdhury allegedly did *something* (as opposed to nothing at all), he can never be found liable under *Bivens*. (Def.'s Moving Br. 7-9.) Unfortunately for Dr. Chowdhury, however, this is not the applicable lens through which to view the legal standard. The District of New Jersey has held that "deliberate indifference to an inmate's serious need can be found even where some affirmative action has been taken…" *Tineo v. Fed. Bureau of Prisons*, 2021 U.S. Dist. LEXIS 33239, at *10 (D.N.J. Feb. 23, 2021).

As the Courts have recognized, "deliberate indifference" occurs when a provider "recklessly disregard[s] a substantial risk of serious harm." *Giles v. Kearney*, 571. F.3d 318, 330 (3d Cir. 2009). Deliberate indifference also occurs where there is "*knowledge of the need for medical care*" and the "*intentional refusal to provide that care.*" *Monmouth Cty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987) (emphasis added).

While the Parties agree that medical negligence alone may not in and of itself suffice to prove a *Bivens* claim, Mr. Moses may prove deliberate indifference by showing that Dr. Chowdhury **_was aware of_** objective evidence from which he could draw an inference that a substantial risk of harm existed, that he drew that inference, and then failed to **_respond reasonably_** to the risk. *Farmer v. Brennan*, 511 U.S. 825, 837-844 (1994); s*ee also Johnson v. Quinones*, 145 F.3d 164, 168-69 (4th Cir. 1998). As Dr. Chowdhury noted in his Moving Brief:

> In this case, there is no dispute that Plaintiff had a serious medical need, fulfilling the first aspect of an Eighth Amendment claim for deliberate indifference to medical care. Therefore, the entirety of Plaintiff's claim hinges on the second subjective element: whether Dr. Chowdhury demonstrated deliberate indifference to Plaintiff's need for medical care.

(Def.'s Moving Br. 8.)

Defendant Chowdhury then argues that because "the mere misdiagnosis of a condition or medical need, or negligent treatment provided for a condition, is not actionable as an Eighth Amendment claim," he is entitled to summary judgment. (Def.'s Moving Br. 7.) In other words, Dr. Chowdhury's Motion is premised on the argument that "because medical malpractice or negligent treatment do not rise to constitutional violations" he is entitled to summary judgment here. (*Id.*) However, Dr. Chowdhury appears to simply conclude—clearly without a shred of record support, expert opinion, or even legal authority—that his admitted conduct cannot be more than "mere negligence" as a matter of law. But, Dr. Chowdhury completely ignores the significant issues that absolutely create a genuine issue of material fact on the question of deliberate indifference: that, in the course of providing "frequent medical care to Plaintiff" for "almost two years" (Def.'s Moving Br. 8), Dr. Chowdhury ***knowingly*** refused to conduct the necessary diagnostic procedures to identify the suspected condition causing Mr. Moses' severe abdominal pain (Pl.'s CSMF ¶¶ 24, 28, 34); that he ***knowingly*** refused (without any good faith basis) to prescribe a single medication – not even Tylenol – to treat Mr. Moses' pain despite admittedly diagnosing him with a condition Dr. Chowdhury ***knew*** was extremely painful (Pl.'s CSMF ¶¶ 33, 46, 51, 57); and that he ***knowingly*** treated Mr. Moses (as an inmate) different than private patients in terms of discovering and managing the sources of his extreme pain (Pl.'s CSMF ¶¶ 26, 35.)

And, as if that were not enough, Dr. Chowdhury **_knew_** that the condition(s) he himself suspected were serious and potentially life-threatening.³ (Pl.'s CSMF ¶ 24-25.)

Dr. Chowdhury is attempting to argue that all of his admitted failures above amount to nothing more than a mere disagreement as to whether Mr. Moses received proper care—that is incorrect. Putting aside the fact that the **_only_** expert evidence in the summary judgment record refutes any claim that Dr. Chowdhury was acting in an appropriate matter, Dr. Chowdhury's own admissions undermine his argument that this case is nothing more than "mere negligence." This is not a matter of dueling experts determining which procedures or treatment path should have been followed. This is a case where Dr. Chowdhury **_admittedly_** knew that the situation called for immediate and significant pain-management as well as additional testing and procedures. However, he **_refused_** for two years to provide any form of pain relief to Mr. Moses either by himself or by referral to a pain-management specialist. (Pl.'s CSMF ¶¶ 30-33, 37, 46-47, 51-52, 57-68.) Moreover, Dr. Chowdhury **_refused_** to order or recommend diagnostic tests he **_knew_** were appropriate and would have performed for a non-inmate patient. (Pl.'s CSMF ¶¶ 24-26, 34-35.) These knowing and deliberate decisions by Dr. Chowdhury resulted in Mr. Moses suffering "years of chronic untreated abdominal pain, and the suffering associated with such pain." (Dr. Eisner's Report, at 6.)

---

³ Moreover, separate from the pain management issue, even where Dr. Chowdhury did provide treatment, he did so with a blatant disregard to the serious and time sensitive nature of Mr. Moses' needs. As the Third Circuit has explained "[d]eliberate indifference may be found where [the individual]. . . **_intentionally delays_** necessary medical treatment … " *Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013) (citing *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)). Here, Dr. Chowdhury knew or should have known of Moses' medical need for upper and lower endoscopies in April 2018, yet he inexplicably failed to order or recommend them and they were not performed for nine months. This unexplained delay creates a separate genuine issue of material fact as to whether Dr. Chowdhury acted with deliberate indifference.

With this record-supported background, it is incredulous to argue that Dr. Chowdhury engaged in "mere negligence" as a matter of law, and that no reasonable jury could view his knowing and intentional conduct as deliberate indifference. Clearly, there is at least a genuine issue of material fact as to whether or not Dr. Chowdhury's conduct in this regard constitutes deliberate indifference. As such, the Court must deny Defendant's Motion for Partial Summary Judgment.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that Defendant's Motion be denied in its entirety.

Respectfully submitted
**REED SMITH LLP**

_/s/Saranne E. Weimer_

Saranne E. Weimer, Esq.
Wendy D. Choi, Esq.
Don A. Innamorato, Esq.
*Pro Bono Counsel for Plaintiff Joshua Moses*
506 Carnegie Center, Suite 300
Princeton, New Jersey 08540
Tel. (609) 987-0500
Fax (609) 951-0824