UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSHUA MOSES,<br><br>        Plaintiff,<br><br>  v.<br><br>DR. RAVI SOOD, DR. LOUIS G. FARES, DR. B. CHOWDHURY, NICOLETTA TURNER-FOSTER, DAVID ORTIZ, UNITED STATES OF AMERICA, and BUREAU OF PRISONS, JOHN/JANE DOES 1-10.<br><br>        Defendants. | CIVIL ACTION NO. 20-cv-1025<br><br>Motion Returnable: February 20, 2024<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT BHANWARLAL CHOWDHURY, M.D.'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

  Plaintiff Joshua Moses ("Plaintiff") objects to Defendant Bhanwarlal Chowdhury, M.D.'s ("Defendant") Statement of Material Facts ("SMF") filed with Defendant's Motion for Summary Judgment on the basis that Defendant entirely ignores his own deposition testimony, selectively cites to allegations in the Second Amended Complaint, and inappropriately argues (without citation) that Plaintiff's (unrefuted) expert report must include references to constitutional and other purely legal standards to support Plaintiff's deliberate indifference claims.  Subject to that objection, pursuant to Rule 56.1 of the Local Rules for the United States District Court for the District of New Jersey, Plaintiff, by his undersigned counsel, respectfully submits the following response to Defendant's SMF.  This response is designed solely to respond to Defendant's SMF by identifying which of the factual grounds for Defendant's Motion are disputed.

  The paragraph numbers for these Responses refer to the corresponding numbers in Defendant's SMF.

  1. On May 7, 2021, Plaintiff Joshua Moses ("Plaintiff") filed his Second Amended Complaint.  Attached hereto as "Exhibit A" is a true and correct copy of the Second Amended

1

Complaint.

**Response**:  Plaintiff admits that attached as Exhibit A to Defendant's SMF is a true and correct copy of his Second Amended Complaint filed on April 22, 2021. Plaintiff denies the remaining allegations of this Paragraph. Plaintiff further disputes that this allegation is relevant to Defendant's Partial Motion for Summary Judgment.

2.Plaintiff alleges that Dr. Chowdhury, along with other Defendants, violated his Constitutional Rights while he served his sentence at the Federal Correctional Institute Fort Dix. Exhibit A, paragraphs 44; 233-248.

**Response**:  Plaintiff denies as stated the allegations of this Paragraph. Plaintiff admits that his Second Amended Complaint states claims against Defendant for, among other federal and state claims, violating his constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), while he was incarcerated at the Federal Correctional Institute at Fort Dix ("Fort Dix"). The record evidence supporting Plaintiff's claims against Defendant are set forth in Plaintiff's Counterstatement of Material Facts ("CSMF") prepared after the completion of discovery, including Defendant's deposition and Plaintiff's Declaration filed herewith.

3.Dr. Chowdhury is a medical doctor, who provided services at St. Francis Hospital. Exhibit A, paragraph 21.

**Response: Plaintiff admits Paragraph 3 of Defendant's SMF.**

4. Dr. Chowdhury is a Gastroenterologist. Id.

**Response: Plaintiff admits Paragraph 4 of Defendant's SMF.**

5. Plaintiff had his first consultation with Dr. Chowdhury on April 18, 2018. Exhibit A, paragraph 92.

**Response: Plaintiff denies as stated Paragraph 5 of Defendant's SMF but admits that his first visit with Dr. Chowdhury occurred on April 24, 2018. See CSMF at ¶¶ 10-37 for a full description of the April 24, 2018 visitation between Plaintiff and Defendant.**

6. At this consultation, Dr. Chowdhury informed Plaintiff that he had short-gut syndrome and small bowel adhesions. Exhibit A, paragraph 96.

**Response: Plaintiff denies Paragraph 6 of Defendant's SMF as incompletely stated based on the sworn record evidence developed through discovery, including the Defendant's deposition and Plaintiff's Declaration. See CSMF at ¶¶ 10-37 for a full description of the April 24, 2018 visitation between Plaintiff and Defendant. Plaintiff further disputes the allegations of this Paragraph to the extent Defendant implies that he acted properly or as a reasonable gastroenterologist in connection with his treatment of Plaintiff's serious medical conditions. Moreover, the allegations of Paragraph 6 are not of fact and must be supported by record evidence. See FRCP 56; L. Civ. R. 56.1. The allegations in Plaintiff's Second Amended Complaint, on which Defendant relies for his only citation, clearly establishes allegations sufficient to survive summary judgment on Count One of his Second Amended Complaint. See Second Amended Compl.**

7.Dr. Chowdhury also cautioned Plaintiff against more procedures and declined to perform endoscopies. <u>Exhibit A</u>, paragraph 95-96.

**Response: Plaintiff denies Paragraph 7 of Defendant's SMF as incompletely stated based on the sworn record evidence developed through discovery, including Defendant's deposition and Plaintiff's Declaration. *See* CSMF at ¶¶ 10-37 for a full description of the April 24, 2018 visitation between Plaintiff and Defendant. Plaintiff admits that Defendant refused to provide necessary procedures. Plaintiff also disputes the allegations of this Paragraph to the extent Defendant implies that he acted properly or as a reasonable gastroenterologist in connection with his treatment of Plaintiff's serious medical conditions. Moreover, the allegations in Paragraph 7 are not of fact and must be supported by record evidence. *See* FRCP 56; L. Civ. R. 56.1. The allegations in Plaintiff's Second Amended Complaint, on which Defendant relies for his only citation, clearly establishes allegations sufficient to survive summary judgment on Count One of Plaintiff's Second Amended Complaint. *See* Second Amended Compl.**

8.Plaintiff argues that Dr. Chowdhury's treatment of plaintiff and his refusal to perform the endoscopies was not in accordance with an acceptable standard of care. <u>Exhibit A</u>, paragraph 97.

**Response: Plaintiff denies Paragraph 8 of Defendant's SMF as incompletely stated based on the sworn record evidence developed through discovery, including Defendant's deposition and Plaintiff's Declaration. Plaintiff and his expert witness, Dr. Todd Eisner, M.D., contend that Defendant's continuous and inexplicable refusal to treat Plaintiff's severe abdominal pain as well as failing to order or recommend not even one of a battery of available tests (endoscopies, CT scans, MRIs, ultrasounds, X-rays) to determine its cause shows his "deliberate indifference" as defined by law and breach of the applicable standard of medical**

4

care.  *See* **CSMF at ¶¶ 33-34; September 7, 2023 report of Todd Eisner, M.D. ("Dr. Eisner's Report").**[1]

9.     On November 30, 2018, Dr. Chowdhury performed Plaintiff's upper and lower endoscopies at St. Francis Medical Center.  <u>Exhibit A</u>, paragraph 124.

**Response: Plaintiff admits that after nine months of delay, Defendant finally performed Plaintiff's upper and lower endoscopies on or about November 30, 2018. Plaintiff disputes the allegations of this Paragraph to the extent Defendant implies that he acted in accordance with the applicable standard of medical care. *See* Dr. Eisner's Report at p. 4-5. Moreover, the allegations of Paragraph 9 are not of fact and must be supported by record evidence. *See* FRCP 56; L. Civ. R. 56.1. The allegations in Plaintiff's Second Amended Complaint, on which Defendant relies for his only citation, clearly establishes allegations sufficient to survive summary judgment on Count One of Plaintiff's Second Amended Complaint. *See* Second Amended Compl.**

10.     Plaintiff again alleges that Dr. Chowdhury's care fell below the applicable standard of care.  <u>Exhibit A</u>, paragraph 126.

**Response: Plaintiff denies Paragraph 10 of Defendant's SMF as incompletely stated based on the sworn record evidence developed through discovery, including Defendant's deposition, Plaintiff's Declaration and Dr. Eisner's Report. Plaintiff and his expert witness contend that in connection with the November 30, 2018 endoscopies, Defendant again failed to treat Plaintiff's severe abdominal pain – his "chief complaint" – and refused to order or**

---

[1] Plaintiff appreciates Defendant's courtesy in entering Dr. Eisner's September 7, 2023 expert report into the summary judgment record without need for further authentication or verification.

recommend several additional diagnostic tests such as CT scans, MRIs, ultrasounds, or X-rays to rule out other painful conditions that could not be detected through endoscopies. *See* CSMF at ¶¶ 40, 44-47; Dr. Eisner's Report at p. 3-6.  Plaintiff and his expert further contend that Defendant's refusal to treat his severe abdominal pain and follow up with additional testing shows his "deliberate indifference" as defined by law and breach of the applicable standard of medical care. *See* CSMF at ¶¶ 40, 44-47; Dr. Eisner's Report at p. 3-6. Moreover, the allegations of Paragraph 10 are not of fact and must be supported by record evidence.  *See* FRCP 56; L. Civ. R. 56.1.

11.     On August 21, 2019, Plaintiff had another consultation with Dr. Chowdhury concerning Plaintiff's chronic constipation, diarrhea, and short-bowel syndrome.  <u>Exhibit A</u>, paragraph 154.

**Response**:  **Plaintiff admits that he had another visit with Defendant on August 21, 2019 but denies the remainder of Paragraph 11 of Defendant's SMF as incomplete based on the sworn record evidence developed through discovery, including Defendant's deposition, Plaintiff's Declaration and Dr. Eisner's Report. While Plaintiff admits that on August 21, 2019, Defendant provided him with a diagnosis of "chronic constipation, diarrhea and short bowel syndrome," that purported description of their encounter glaringly omits that Plaintiff also reported his ongoing, severe abdominal pain to Defendant and that Defendant failed to treat that pain or order or recommend any follow up testing to determine the cause of that pain.  *See* CSMF at ¶¶ 49-53; Dr. Eisner's Report at 5-6.  Moreover, the allegations of Paragraph 11 are not of fact and must be supported by record evidence.  *See* FRCP 56; L. Civ. R. 56.1. The allegations in Plaintiff's Second Amended Complaint, on which Defendant relies for his only citation, clearly establishes allegations sufficient to survive summary judgment on Count One**

**of Plaintiff's Second Amended Complaint.** *See* **Second Amended Compl.**

12.     Dr. Chowdhury ordered colace, fiber, and bentyl.  <u>Exhibit A</u>, paragraph 155.

**<u>Response</u>: Plaintiff admits that at the conclusion of their August 21, 2019 visit, Defendant prescribed him Colace (a stool softener), fiber, and Bentyl (an antispasmodic). As Defendant admitted under oath, none of these three preparations have any direct pain-relieving qualities.** *See* **CSMF at ¶ 51; Dr. Eisner's Report at 5-6.  Plaintiff further disputes the allegations of this Paragraph to the extent Defendant implies that he acted in accordance with the applicable standard of medical care.** *<u>Id.</u>* **Moreover, the allegations of Paragraph 12 are not of fact and must be supported by record evidence.** *See* **FRCP 56; L. Civ. R. 56.1. The allegations in Plaintiff's Second Amended Complaint, on which Defendant relies for his only citation, clearly establishes allegations sufficient to survive summary judgment on Count One of Plaintiff's Second Amended Complaint.** *See* **Second Amended Compl.**

13.     On October 31, 2019, Plaintiff had another consultation with Dr. Chowdhury concerning short-bowel syndrome, weight loss, and adhesions.  <u>Exhibit A</u>, paragraph 171.

**<u>Response</u>: Plaintiff denies Paragraph 13 of Defendant's SMF as incompletely stated based on the sworn record evidence developed through discovery, including Defendant's deposition, Plaintiff's Declaration and Dr. Eisner's Report. While Plaintiff admits that on October 31, 2019, Defendant provided him with a diagnosis of "short bowel syndrome, weight loss, and adhesions," that purported description of their encounter glaringly omits that Plaintiff also reported to Defendant that he was suffering from ongoing severe abdominal pain, that Defendant failed to treat that pain, and refused to order or recommend any follow up diagnostic testing to determine its cause.** *See* **CSMF at ¶¶ 54-58. Moreover, the allegations of Paragraph**

7

13 are not of fact and must be supported by record evidence. *See* **FRCP 56; L. Civ. R. 56.1.** The allegations in Plaintiff's Second Amended Complaint, on which Defendant relies for his only citation, clearly establishes allegations sufficient to survive summary judgment on Count One of Plaintiff's Second Amended Complaint. *See* **Second Amended Compl.**

14. Dr. Chowdhury recommended Ensure, Multivitamins and a low lactose diet. Id.

**Response**: Plaintiff admits that during their October 31, 2019 visit, Defendant only prescribed him "Ensure" and multivitamins despite the severe chronic pain Plaintiff reported to Defendant. Defendant admitted under oath that neither of these supermarket supplements have any pain-relieving qualities. *See* **CSMF at ¶ 58.** Plaintiff further disputes the allegations of this Paragraph to the extent Defendant implies that he acted in accordance with the applicable standard of medical care. *See* **Dr. Eisner's Report.** Moreover, the allegations of Paragraph 14 are not of fact and must be supported by record evidence. *See* **FRCP 56; L. Civ. R. 56.1.** The allegations in Plaintiff's Second Amended Complaint, on which Defendant relies for his only citation, clearly establishes allegations sufficient to survive summary judgment on Count One of Plaintiff's Second Amended Complaint. *See* **Second Amended Compl.**

15. On September 7, 2023, Plaintiff submitted an expert report authored by Todd Eisner, M.D. Attached hereto as "Exhibit B" is a true and correct copy of Dr. Eisner's report.

**Response**: Plaintiff admits Paragraph 15 of Defendant's SMF.

16. Dr. Eisner's report does not discuss the Eight (8th) Amendment or deliberate indifference. Exhibit B.

**Response**: Plaintiff admits that the words "Eighth Amendment" or "deliberate

8

indifference" do not appear in Dr. Eisner's Report because they are, obviously, purely legal terms and not relevant to his independent medical opinion in this action. Notwithstanding Defendant's novel assertion (without citation), the substance of Dr. Eisner's expert medical opinion clearly supports a finding that Defendant acted with "deliberate indifference" in violation of Plaintiff's Eighth Amendment rights. *See* Dr. Eisner's Report. Moreover, such legal argument within Defendant's 56.1 Statement of Material Facts is inappropriate and should be disregarded by the Court. *See* L. Civ. R. 56.1; *Ill. Nat'l Ins. Co. v. Wyndham Worldwide Operations, Inc.*, 85 F. Supp. 3d 785, 792 (D.N.J. Jan 2015) ("In this District, each party to a summary judgment motion must submit a statement of material facts that are not in dispute. L. Civ. R. 56.1. Such a statement may not 'contain legal argument or conclusions of law.' Statements that 'blur[] the line between fact and opinion' and include 'arguments cloaked as 'undisputed facts'' are improper under the Rule and will not be considered by the court.") (citing *N.J. Auto. Ins. Plan v. Sciarra*, 103 F. Supp. 2d 388, 395 n.4 (D.N.J. 1998)).

17. Defendant now files this motion for summary judgment to dismiss Count One of Plaintiff's Complaint with prejudice as Plaintiff cannot demonstrate deliberate indifference.

**Response**: Plaintiff admits that Defendant has filed the present Motion, which should be denied because genuine issues of material fact clearly exist concerning Plaintiff's claim in Count One of the Second Amended Complaint. However, this Paragraph is disputed as improper legal argument to the extent Plaintiff purports to offer this as a statement of undisputed material fact. *See* L. Civ. R. 56.1.

                                        Respectfully submitted,
                                        REED SMITH, LLP

                                        *s/Saranne E. Weimer*
                                        Don A. Innamorato, Esq.
                                        Saranne E. Weimer, Esq.
                                        Wendy Choi, Esq.
                                        506 Carnegie Center, Suite 300
                                        Princeton, New Jersey 08543
                                        Phone: (609) 987-0050
                                        Facsimile: (609) 951-0824
                                        *Pro Bono Attorneys for Plaintiff*

Dated:  February 6, 2024